IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20083
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RANGEL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-176-11
- - - - - - - - - -
January 3, 2001

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Rangel appeals his conviction following a jury trial for possession of, and conspiracy to possess with intent to distribute, cocaine, 21 U.S.C. §§ 841 and 846. We have reviewed the record and the briefs of the parties, and we find no reversible error.

Rangel contends that the "trial court erred in losing the written jury verdict signed by the jury foreman." He argues that the case should be returned to the trial court "for a hearing to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine if the loss of the written jury verdict violated [his] constitutional right to due process."

Rangel's argument is not supported by the record. The trial transcript clearly indicates that the jury unanimously found Rangel guilty on the two criminal counts at issue. The trial transcript also indicates that the jury foreperson signed the verdict form and that all members of the jury confirmed that this was their verdict. That the signed form does not appear in the record, for whatever reasons, is irrelevant to any relief he seeks on appeal.

Rangel argues that the evidence was insufficient to support the jury's verdict finding him guilty on the conspiracy count. Although Rangel is correct that one cannot conspire with a government informant, see United States v. Goff, 847 F.2d 149, 173 (5th Cir. 1988), the evidence here showed that Rangel merely *sold* the crack cocaine to the informant, but that he conspired with, at a minimum, codefendants Munoz and Malatek to procure the cocaine for delivery. Additionally, Rangel's sufficiency challenge to the conspiracy conviction based on the assertion that he was involved in only one transaction also fails. Based on the evidence presented concerning the interactions between Rangel and his codefendants, a reasonable jury could have found that the specific transaction at issue here was part of a larger narcotics conspiracy. See United States Greenwood, 974 F.2d 1449, 1459 (5th Cir. 1992).

AFFIRMED.